UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINA MOON, on behalf of herself and a collective of similarly situated individuals,<br><br>Plaintiff,<br><br>– against –<br><br>BLING LASH LOUNGE INC. doing business as BLING LASH STUDIO and JANE DOE aka LEAH,<br><br>Defendants | Civil Action No. 24-cv-7433<br><br>**COLLECTIVE**<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Jina Moon, ("Plaintiff"), on behalf of herself and all other similarly situated individuals, by and through her undersigned counsel Ryan Kim Law, P.C., as and for her Complaint in this action against Defendants BLING LASH LOUNGE INC., ("Bling" or "salon") and Jane Doe aka Leah ("Leah" or the "Individual Defendant") (the Salon and the Individual Defendant are collectively referred to herein as "Defendants"), hereby allege as follows:

## NATURE OF THE CLAIMS

1. Defendants subjected Plaintiff, who worked as an eyelash extension technician, and other similarly-situated employees at BLING LASH STUDIO to numerous violations of federal and state laws during her employment, including (a) failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New York Labor Law ("NYLL"), § 650 *et seq.*; (b) failure to pay overtime wages in violation of the FLSA § 207 and NYLL § 650 *et seq.*; (c) failure to provide accurate wage

1

notices in violation of NYLL §§ 195(1) and (2); (d) failure to provide wage statements in violation of NYLL § 195(3) and (e) failure to provide Paid Sick Leave under NYLL.

2. Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all other similarly situated persons who were employed by Defendants as "cosmetologist or eyelash extension technician" during the applicable limitations period (the "FLSA Collective Period"). Plaintiff and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiff's, the FLSA Collective's rights under the FLSA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under State law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

5. Plaintiff Jina Moon is an adult resident of the state of New York and was employed by Defendants as a cosmetologist at BLING LASH STUDIO from approximately April 10, 2024, to September 2, 2024. At all relevant times, Ms. Moon was an "employee" within the meaning of all applicable statutes.

6. Defendant Bling Lash Lounge Inc. is a New York domestic business corporation doing business as Bling Lash Studio with a service of process address of 234

Sunrise Hwy, Rockville Center, NY 11570. Bling Lash Studio is a nail salon located at 234 Sunrise Hwy, Rockville Center, NY 11570. At all relevant times, Bling Lash Lounge Inc. was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

7. Defendants Jane Doe, also known as Leah, ("Leah") is a owner of BLING LASH STUDIO and, upon information and belief, an adult resident of the state of New York. Ms. Doe exercises sufficient control of BLING LASH STUDIO's day-to-day operations, including, but not limited to, how employees are paid, to be considered an "employer" within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

8. From April 10, 2024, to May 21, 2024, she worked only one day per week. From May 27, 2024, until September 2, 2024, she worked 2-4 days per week.

9. She started her work at 10 a.m. and ended at 7 to 8:00 p.m. She regularly worked 9.5-10 hours a day.

10. Plaintiff began her work at BLLI with a daily rate of $130.00.

11. From April 10, 2024, to May 21, 2024, she worked one day per week and was paid $130.00 per day.

12. Around May 27, 2024, Defendant Leah suggested Plaintiff learn volume lash extensions. However, Defendants only compensated Plaintiff for working on Wednesdays at a rate of $130.00, despite her working four days per week. She was only paid $130.00 for Wednesday's work.

13. This $130.00 was eventually reduced to $100.00, and sometimes Plaintiff was not paid at all if she did not work on Wednesdays.

14. Defendants claimed that Plaintiff was learning a new skill, so she had to cover the cost of the training.

15. Plaintiff, with over 10 years of experience as an eyelash extension technician, did not require any additional training.

16. After May 27, 2024, Plaintiff continued to work as before but was not compensated properly.

17. Defendant Leah manipulated Plaintiff, refusing to pay her wages while profiting from Plaintiff's free labor.

18. Whenever customers failed to pay her charges and left without paying, Defendants forced Plaintiff to cover the losses. Plaintiff had to pay for such incidents on four separate occasions.

19. On September 2, 2024, when Plaintiff requested her proper wages and unpaid amounts, Defendants terminated her employment.

20. On September 8, 2024, Defendants sent Plaintiff a text message claiming she owed $1,000 for the training and $40 for a broken garbage can, threatening to sue her.

21. During this period, Defendants failed to pay Plaintiff the New York State minimum wage for all her working hours and also failed to pay overtime wages required under the FLSA and NYLL for hours worked over 40 per week.

22. Defendants also failed to provide Plaintiff wage notices and/or accurate wage notices as required by NYLL §§ 195(1) and (2) at the time of her hiring or when any changes to the information required in the wage notices took place.

23. Accordingly, by failing to comply with their wage notice requirements, Defendants owe Plaintiff per day for every day such notice was not provided, up to $5,000 per employee.

24. Additionally, Defendants failed to provide Plaintiff with wage statements, or accurate wage statements, such as pay stubs, that included essential information, including but not limited to, the hours worked, the applicable hourly rate, the overtime rate, and the tax withholdings deducted by the employer.

25. By failing to comply with their wage statements obligations, Defendants owe Plaintiff $250 for each violation, up to $5,000 per employee.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings her FLSA claims as a collective action on behalf of herself and on behalf of all other similarly situated persons who were employed by Defendants as "cosmetologist, eyelash extension technician position during the FLSA Collective Period."

27. At all relevant times, Plaintiff and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans, and practices, and were subject to Defendants' failure to pay them at the legally required minimum wage for all hours worked, and overtime wages for hours worked over 40 in a week.

28. During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

29. While the exact number of the FLSA Collective is unknown to Plaintiff at present, upon information and belief, there are more than 40 other similarly situated persons

who were employed by Defendants as "cosmetologist, nail technician, skin care technician, eyelash extension technician during the FLSA Collective Period."

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Minimum Wages in Violation of the FLSA)

30. Plaintiff, on behalf of herself and the FLSA Collective, realleges and incorporates by reference all preceding paragraphs relevant to her minimum wage violation claims as if they were set forth again herein.

31. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

32. During the FLSA Collective Period, Defendants did not pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

33. As a result of Defendants' failure to pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

34. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

35. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of her unpaid minimum wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages in Violation of the FLSA)

36. Plaintiff, on behalf of herself and the FLSA Collective, realleges and incorporates by reference all preceding paragraphs relevant to her overtime wage violation claims as if they were set forth again herein.

37. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees overtime wages of one and one-half times their regular hourly wages for hours worked over 40 in a week. Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime wages under the FLSA.

38. During the FLSA Collective Period, Defendants did not pay Plaintiff and the FLSA Collective overtime wages for all hours worked over 40 in a week for Defendants.

39. As a result of Defendants' failure to pay Plaintiff and the FLSA Collective overtime wages for all hours worked over 40 in a workweek, Defendants violated the FLSA.

40. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

41. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage in Violation of the NYLL)**

42. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to her minimum wage claims as if they were set forth again herein.

43. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff is not

exempt from the requirement that Defendants pay her the prevailing minimum wage under the NYLL.

44. Defendants did not pay Plaintiff the prevailing minimum wage for all hours worked for Defendants.

45. As a result of Defendants' failure to pay Plaintiff the prevailing minimum wage for all hours, Defendants violated the NYLL.

46. The foregoing conduct of Defendants constitutes willful violations of the NYLL.

47. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle her to recover the total amount of her unpaid minimum wages, an additional amount in liquidated damages, interest, and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages in Violation of the NYLL)**

48. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to her overtime wage violation claims as if they were set forth again herein.

49. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees overtime wages of one and one-half times her regular hourly wages for hours worked over 40 in a week. Plaintiff was not exempt from the requirement that Defendants pay her overtime wages under the NYLL.

50. Defendants did not pay Plaintiff overtime wages for all hours worked over 40 in a week for Defendants.

51. As a result of Defendants' failure to pay Plaintiff overtime wages for all hours worked over 40 in a workweek, Defendants violated the NYLL.

8

52. The foregoing conduct of Defendants constitutes willful violations of the NYLL.

53. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle her to recover the total amount of her unpaid overtime wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**(Failure to Issue Wage Notices)**

54. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to her claim for failure to issue wage notices as if they were set forth again herein.

55. NYLL §§ 195(1) and (2) require employers to issue wage notices to employees at the time of her hiring or when any changes to the information required to appear on wage notices occur.

56. Defendants unlawfully failed to issue appropriate wage notices to Plaintiff.

57. Due to Defendants' NYLL violations, Plaintiff is each entitled to $50 per day for every day such wage notice was not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF**
**(Failure to Furnish Wage Statements/Pay Stubs)**

58. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to her claim for failure to furnish wage statements as if they were set forth again herein.

59. NYLL § 195(3) requires employers to furnish employees with wage statements, *i.e.*, pay stubs, that include, *inter alia*, hours worked, and any minimum wage allowances that are applied.

60. During the NYLL Period, Defendants unlawfully failed to issue appropriate wage statements to Plaintiff.

61. Due to Defendants' NYLL violations, Plaintiff is each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF**
**(Failure to Provide Paid Sick Leave Under NYLL)**

62. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to her claim for failure to furnish wage statements as if they were set forth again herein.

63. NYLL § 196-b states in pertinent part:

   a. For employers with four or fewer employees in any calendar year, each employee shall be provided with up to forty hours of unpaid sick leave in each calendar year; provided, however, an employer that employs four or fewer employees in a calendar year and that has a net income of greater than one million dollars in the previous tax year shall provide each employee with up to forty hours of paid sick leave pursuant to this section;

   b. For employers with between five and ninety-nine employees in any calendar year, each employee shall be provided with up to forty hours of paid sick leave in each calendar year; and

   c. For employers with one hundred or more employees in any calendar year, each employee shall be provided with up to fifty-six hours of paid sick leave each calendar year.

64. Pursuant to the above law, Defendants should maintain a policy regarding PTO for all employees.

65. Unless an employer's paid sick leave and/or resignation policy specifies, in writing, that employees lose accrued benefits upon termination of employment, earned PTO must be paid out to departing employees, See Glenville Gage Company, Inc. v. Industrial

Board of Appeals of the State of New York, Department of Labor, 70 AD 2d 283 (3d Dept 1979).

66. Defendants' written and/or implied paid time off policies required the disbursement of earned PTO to departing employees and/or were silent on the issue.

67. Defendants failed to provide PTO to Plaintiff upon her departure from Defendants' employment.

68. Plaintiff has at all times performed all conditions, covenants, and promises required with her explicit and/or implicit employment terms and has never been in breach of the same.

69. By failing to compensate the PTO of Plaintiff, Defendants failed to provide full earned compensation to Plaintiff in breach of the terms of her employment.

70. Defendants failed to provide all owed compensation, including her compensation from her earned PTO.

71. As a result of said breach, Plaintiff owed monetary damages for Defendants' failure to provide all.

72. Defendants unlawfully failed to provide PTO to Plaintiff owed money damages for Defendants failure to provide all.

73. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants the amount of unpaid sick leave, liquidated damages, interest, and attorneys' fees and costs.

**EIGHTH CLAIM FOR RELIEF**
**(Unlawful Retaliation Under the FLSA)**

74. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to her claim for unlawful retaliation as if they were set forth again herein.

75. FLSA § 215(a)(3) makes it unlawful for an employer to discharge or in any manner discriminate against any employee because such employee, *inter alia*, filed a complaint related to any provision of the FLSA.

76. Defendants unlawfully retaliated against Plaintiff in violation of FLSA § 215 by terminating her employment after she asserted her claim for unpaid wages and requested proper compensation from Defendants.

77. As a result of Defendants' willful, unlawful retaliatory conduct, Plaintiff is entitled to all available damages, including, but not limited to, lost wages, emotional distress damages, liquidated damages, punitive damages, attorneys' fees, litigation costs, and interest.

**NINETH CLAIM FOR RELIEF**
**(Unlawful Retaliation Under the NYLL)**

78. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to her claim for unlawful retaliation as if they were set forth again herein.

79. NYLL § 215 makes it unlawful for an employer to discharge, threaten, penalize, or in any manner discriminate or retaliate against any employee because such employee, *inter alia*, made a complaint to his or her employer that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of the NYLL.

80. Defendants unlawfully retaliated against Plaintiff in violation of NYLL § 215 by terminating her employment after she asserted her claim for unpaid wages and requested proper compensation from Defendants.

81. As a result of Defendants' willful, unlawful retaliatory conduct, Plaintiff is entitled to all available damages, including, but not limited to, lost wages, emotional distress damages, liquidated damages, punitive damages, attorneys' fees, litigation costs, and interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective, respectfully requests that the Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and state law;

B. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers, and e-mail addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C. Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D. Award Plaintiff and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E. Determine the damages sustained by Plaintiff as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of Plaintiff, plus such pre-judgment and post-judgment interest as may be allowed by law;

F. Award Plaintiff an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

G. Award Plaintiff, and the FLSA Collective her reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees;

H. Award Plaintiff all damages to which she is entitled pursuant to Defendants' unlawful retaliatory actions in violation of FLSA § 215 and NYLL § 215; and

I. Grant Plaintiff, and the FLSA Collective such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and on behalf of all other similarly situated persons, hereby demands a trial by jury on all issues of fact and damages.

Date: October 24, 2024

Respectfully submitted,

**RYAN KIM LAW, P.C.**

_____/s/Ryan Kim_____

Ryan J. Kim

    222 Bruce Reynolds Blvd. Suite 490
    Fort Lee, NJ 07024
    T: 718) 573-1111
    ryan@ryankimlaw.com

*Counsel for Plaintiff and the FLSA Collective*